No. 44,785

Floyd Dotson and David W. Dotson, *Appellants* v. State Highway Commission of Kansas, *Appellee.*

(426 P. 2d 138)

Opinion filed April 8, 1967.

*Paul L. Aylward,* of Ellsworth, argued the cause, and *George D. Miner,* of Ellsworth, and *Charles M. Warren,* of Fort Scott, were with him on the brief for the appellants.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Douglas G. Hudson,* of Fort Scott, *John H. Morse,* assistant attorney general, and *Roger Hendrix,* assistant attorney, State Highway Commission, were with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal by the landowners, Floyd Dotson and David W. Dotson, from a judgment entered in a condemnation action.

The over-all question presented is whether or not David W. Dotson is bound by the proceedings that culminated in the entry of judgment.

In order to fully understand the issue involved, a detailed factual statement is deemed appropriate. On May 25, 1965, the State Highway Commission filed a petition in the district court of Bourbon county against Floyd Dotson and the Phoenix Mutual Life Insurance Company (mortgagee) for condemnation of certain tracts of land for highway purposes. Appraisers were appointed, and their award in the amount of $35,296 was paid to Floyd Dotson and the mortgagee. Both the highway commission and Floyd Dotson filed separate appeals from the award, and the appeals were consolidated for trial. In answer to interrogatories posed by the highway commission it was disclosed that Floyd's son, David W. Dotson, was the purchaser of the land under an *unrecorded* contract executed on September 28, 1958. At a pretrial conference held on October 29, 1965, it was stipulated the land was owned by David and Floyd; David was made a party to the action, and Floyd's counsel, Mr. Paul L. Aylward, was to request David to enter an appearance.

On March 11, 1966, the highway commission filed a motion for summary judgment against Floyd and David, requesting that damages be fixed in an amount alleged to have been agreed on as a compromise settlement between the landowners and the highway commission. Mr. Aylward filed an affidavit in opposition to the motion in which he stated that the owner of the property, not having been joined as a party, was not bound by any prior proceedings. The motion was denied, and the case proceeded to trial before a jury on March 21 and 22, 1966.

On the morning of trial the following written entry of appearance executed by David W. Dotson on November 15, 1963, and

duly acknowledged in the state of North Carolina, was filed in the *original condemnation proceeding* and also the *appeal action:*

"Now comes, David W. Dotson, purchaser under contract of the property described herein, the record title to which is vested in the name of Floyd Dotson, and does hereby enter his appearance herein and consents to being made a party of the defendant in the above entitled actions."

Thereupon, a lengthy colloquy ensued between the court and respective counsel. Mr. Aylward stated David was to be made a party, with the understanding that he "is not prejudiced in any way by anything that has occurred prior hereto and is being made a party so that he will have the opportunity to present his claim for just compensation at this hearing. . . ." Counsel concedes he did not want David to be bound by prior negotiations for settlement which formed the basis for the highway commission's motion for summary judgment. The colloquy continued:

"THE COURT: But as I understand Mr. Aylward's statement, he is entering an appearance.

"MR. AYLWARD: As of today.

"THE COURT: As of today, on the condition that he not be bound by prior proceedings.

"MR. AYLWARD: That is correct.

"THE COURT: I think the matter with which the counsel is concerned was an exchange of correspondence between counsel.

"MR. DOUGLAS G. HUDSON: That is right.

"THE COURT: Which was intended by counsel for the highway commission to be an offer to settle the dispute between both David and Floyd Dotson and the highway commission. I don't see that the appearance here affects that.

"MR. DOUGLAS G. HUDSON: No. It is actually our position that David is not the owner. This is merely a device of collecting soil bank payments and is not a bona fide contract at all, and if he takes the stand we are going into that.

"MR. AYLWARD: We are not entering our appearance to be denied just compensation. . . ."

It is admitted that David was not personally present, nor was his testimony presented by way of deposition, at the trial.

The caption of the court's instructions to the jury listed both Floyd and David as being the plaintiffs and landowners. The jury, in its verdict, found "for the Plaintiffs and Landowners in the sum of $22,700.00." The journal entry of trial recited that the plaintiffs and landowners were present by Charles M. Warren and Paul L. Aylward, their attorneys. It further referred to the "plaintiffs'" introducing evidence at the trial. The jury's verdict being less than

the original appraisers' award, the court entered judgment for the highway commission and against the plantiffs and landowners in the sum of $12,596 with interest and costs.

Floyd filed a motion for new trial and, as one of his grounds, alleged the verdict and judgment should be set aside because David, being an owner of the land, had never been joined as a party to the action by appropriate pleadings and the highway commission refused David's offer to enter his appearance. The trial court, in its memorandum opinion overruling the motion for new trial, stated as follows:

". . . On pre-trial it was stipulated that he was one of the owners of the real property involved, and he was at that time made a party to the action. On the day of trial, counsel for the landowners filed a written entry of appearance of David W. Dotson. Mr. Aylward insisted that David W. Dotson not be bound by prior proceedings in the action, but that appears of no moment at this stage of the case; no question is now raised about the binding effect of the prior proceedings. Suffice it to say that *he was made a party, entered his appearance, was represented by counsel, named as a landowner and as a party in the evidence, in the instructions, in the arguments and in the verdict.* There is no question from the record that David W. Dotson was a party to the action, and was fully represented at all stages of the trial. This contention is without merit." (Emphasis added.)

The notice of appeal to this court was filed by "Floyd Dotson and David W. Dotson, landowners and plaintiffs."

Although several points are raised by the appellants, they may be resolved into the single contention that David should not be bound by the judgment of the district court. As a further corollary, appellants assert David, as the owner of the land, was entitled to a hearing on the question of just compensation and was denied his "day in court." In face of the record which has been set forth in considerable detail, the appellants' claim of error is completely unfounded.

Under the eminent domain procedure act adopted in 1963, proceedings are instituted by the condemnor's filing a verified petition in the district court of the county in which the real estate is situated. (K. S. A. 26-501.) Among other allegations, the petition shall include the name of any *owner and all lienholders of record,* and the name of any *party in possession.* (K. S. A. 26-502.) Notice shall be given to *each interested party as named in the petition* in accordance with the provisions of K. S. A. 26-503 and 26-506 (a).

By the terms of the act, the condemnor's duty in ascertaining the names of persons to be made parties to the proceedings extends only

to those having an interest in the land as owners and lienholders of record (see K. S. A. 58-2221, -2222 and -2223), and those in possession. In the instant case David, being the purchaser of the land under an *unrecorded* contract, was not named in the petition. From the record before us we are unable to say that David's possession under the contract was so open and notorious as to constitute constructive notice to the condemnor of David's claimed interest. (*Cf. Jackson v. O'Neill,* 181 Kan. 930, 933, 317 P. 2d 440.) Under the circumstances, David was not a necessary party to the proceedings, inasmuch as he was neither an owner of record nor a party in possession (K. S. A. 26-502). The validity of the condemnation proceedings as to David's interest, however, was unaffected by the fact he was not named as a party.

Cases from other jurisdictions arising under somewhat similar statutes lend support to our view that holders of unrecorded interests in land need not be made parties to an eminent domain proceeding. In *State ex rel. Wirt v. Superior Court,* 10 Wn. (2d) 362, 116 P. 2d 752, under a statute requiring the condemnor to set forth in his petition "the name of each and every owner, encumbrancer, or other person or party interested in the same, or any part thereof, so far as the same can be ascertained from the public records," the court observed:

"Under the statute . . . prescribing the procedure for the exercise of the power of eminent domain, one is only required to make an examination of the record of titles before commencement of condemnation proceedings. One who has an interest in land, which is the subject of an eminent domain action, is required to make use of that record or hazard foreclosure of his rights. No duty was incumbent upon the condemnors, in the absence of a record of ownership, to make the relators parties defendant in the condemnation proceedings. . . ." (p. 368.)

Also, see, *Illinois Power Co. v. Miller,* 11 Ill. App. 2d 296, 137 N. E. 2d 78, where under a statute requiring that all parties interested in the land as owners or otherwise, as appearing of record, be named in the petition, it was held that tenants under unrecorded leases need not be named and were not necessary parties to the proceedings.

The procedure prescribed by K. S. A. 26-508 permits the plaintiff, or any defendant, to take an appeal from the appraisers' award, and an appeal by any party brings the issue of damages to *all interests* in the land before the court for trial *de novo*. The appeal is docketed and tried as any other civil action, with the only issue

being the determination of just compensation to be paid for the land or right therein taken, and for any other damages allowable by law. The statute in its present form is in harmony with the previous decisions of this court which arose under our prior appeal statute (G. S. 1949, 26-102, as amended) to the effect that any appeal by a landowner, lienholder or interested party brings to the district court for determination in a single action the sufficiency of the award for *all interests* in the tract or parcel of land under condemnation. (See *State Highway Commission v. Hembrow*, 190 Kan. 742, 378 P. 2d 62, and cases cited therein.) The trial of that issue in the district court is binding on all parties to the action, subject to appeal to the supreme court. (*Martin v. Forestry, Fish and Game Commission*, 185 Kan. 796, 347 P. 2d 276.)

In the instant case David's interest in the land condemned came to light after the separate appeals from the appraisers' award had been docketed. It was then agreed that Floyd and David were the owners of the land. David thereby became an interested and necessary party for the purpose of determining the sufficiency of the award for all interests in the land. By order of the court at the pretrial conference David was properly made a party to the appeal case. Seventeen days thereafter his written entry of appearance was executed. The instrument itself was without condition or qualification, and was filed in the original condemnation proceeding as well as in the appeal. Although, as we have pointed out, David was bound by the original proceedings, the filing of the instrument resolved any question of the validity of such proceedings as to his interest. The execution and filing of the written entry of appearance was equivalent to service of process (K. S. A. 60-203), and David thereby submitted himself to the court's jurisdiction. The basis of counsel's attempt to qualify David's appearance as a party was solely for the purpose of preserving any objection to the motion for summary judgment in the event of an appeal from the denial thereof. The highway commission now makes no complaint of the district court's ruling on said motion; hence, counsel's purported qualification becomes immaterial.

It is apparent from Mr. Aylward's statement to the trial court on the morning of trial that David was entering his appearance so that he would have the opportunity to present his claim for just compensation. During the trial David was represented by counsel; he was named as a landowner in the evidence and in the instruc-

tions, as well as in the jury's verdict. David is not now in a position to object that he was denied his right to a hearing on the question of just compensation. The sufficiency of the award for *all interests* in the property was determined, and David is bound by the verdict and judgment. We regard the contention that David was not a party to the appeal action as a mere afterthought because of the jury's verdict being substantially less than the award.

We have examined the appellant's contentions and authorities cited in support thereof and find them to be inapplicable to the facts as disclosed by the record.

The judgment is affirmed.