STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Petitioner,

v.

Honorable Pat PATE, District Judge of LeFlore County, Sixteenth Judicial District, Respondent.

No. 49847.

Supreme Court of Oklahoma.

Oct. 19, 1976.

Thomas N. Keltner, Chief Counsel, Dept. of Highways, by Preston L. Pulliam, Oklahoma City, for petitioner.

H. Clay Robinson, Fort Smith, Ark., William D. Mobley, Poteau, for respondent.

BERRY, Justice.

Department of Highways, State of Oklahoma [petitioner] requests this Court assume original jurisdiction and prohibit trial court from granting Tri-State Speedway, Inc., [Tri-State] jury trial in action below.

Petitioner filed condemnation proceeding on April 18, 1974. Tillman E. Evans and Marilyn R. Evans, record owners of property on that date, were only named defendants.

The record indicates at time action was filed Mr. Evans had executed, or was under contractual obligation to execute, deed conveying property involved herein to Tri-State. It also indicates Mr. Evans was president of Tri-State and owned one-third of its stock.

Record does not indicate when deed was executed, but it was not recorded until May 30, 1974, with correction deed being recorded on July 5, 1974.

Report of Commissioners was filed on May 14, 1974. Evanses waived right to jury trial by failing to request jury trial within 60 days after Report of Commissioners was filed. 69 O.S.Supp.1975 § 1203(e)(1).

However, case remained pending because petitioner filed request for jury trial which was not withdrawn until March 2, 1976.

In 1975 Tri-State's attorney informed petitioner of Tri-State's interest in property. On April 9, 1975, Tri-State was joined as party. On April 21, 1975, Tri-State requested jury trial.

Trial court granted Tri-State's request on ground Tri-State requested jury trial immediately upon being named as party to suit.

Petitioner then filed present action.

Petitioner contends trial court had no jurisdiction to grant Evanses jury trial because request for jury trial was not filed within 60 days after Report of Commission-

ers was filed. *State ex rel. Department of Highways v. Brown*, Okl., 462 P.2d 261. It further contends Tri-State is bound by Evanses' waiver of jury trial even though Tri-State was not joined as party until after waiver occurred.

■ All parties in interest to condemnation proceedings are entitled to notice of proceeding and jury trial unless they waive such rights. Art. II, § 24, Okla.Const.; 69 O.S. § 1203(c), supra. Failure to join "owner" or "party in interest" in condemnation suit invalidates proceedings as to him. *Delfeld v. City of Tulsa*, 191 Okl. 541, 131 P.2d 754; *Morse v. Board of County Comm'rs*, 169 Okl. 600, 38 P.2d 945. See also *Swatek v. Board of Regents*, Okl., 535 P.2d 295.

■ If Tri-State was "owner" of property or "party in interest" at time condemnation suit was filed, it should have been joined as defendant at time action was filed. It would be unjust to hold waiver of jury trial by owners named in petition is binding upon other owners who were not joined in action until after waiver occurred.

■ However, condemnor is only required to join record owner, parties in possession, and other parties who assert claims to property if condemnor has actual knowledge of such claims. *Gibbs v. Oklahoma Turnpike Authority*, Okl., 285 P.2d 190; *City of Tulsa v. Richmond*, 123 Okl. 255, 253 P. 279; *Rich v. Wylie*, 84 Idaho 58, 367 P.2d 763; *Cheatham v. Carter County, Tennessee*, 6 Cir., 363 F.2d 582; *Dotson v. State Highway Commission*, 198 Kan. 671, 426 P.2d 138.

■ Owners of unrecorded interests in property, who are not in possession, are not necessary parties to suit unless condemnor has actual notice of their claim. *Dotson v. State Highway Commission*, supra; *Illinois Power Co. v. Miller*, 11 Ill. App.2d 296, 137 N.E.2d 78; *State ex rel. Wirt v. Superior Court*, 10 Wash.2d 362, 116 P.2d 752.

■ However, they are bound by all proceedings prior to time they are joined as party to the suit.

In *Dotson v. State Highway Commission*, supra, the Kansas court held owner of unrecorded interest was bound by all proceedings occurring prior to time he entered appearance stating:

"In the instant case David, being the purchaser of the land under an *unrecorded* contract, was not named in the petition. From the record before us we are unable to say that David's possession under the contract was so open and notorious as to constitute constructive notice to the condemnor of David's interest * * * Under the circumstances, David was not a necessary party to the proceedings, inasmuch as he was neither an owner of record nor a party in possession * * * The validity of the condemnation proceedings as to David's interest, however, was unaffected by the fact he was not named as a party."

See also *Illinois Power Co. v. Miller*, supra; *State ex rel. Wirt v. Superior Court*, supra.

■ Furthermore, a condemnor is not required to search record for interests recorded after condemnation action is filed.

12 O.S.1971 § 180, the lis pendens statute, provides in part:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third person in the subject matter thereof as against the plaintiff's title. * * *"

In *Portland & Seattle Ry. Co. v. Ladd*, 47 Wash. 88, 91 P. 573, the court held lis pendens applicable to eminent domain proceedings stating:

"While it is true that proceedings in condemnation are special in this state and are therefore governed by all the requirements stated in the statute, yet, where no provision is made for the pro-

tection of parties to such proceedings, the rules of common practice must necessarily apply."

An owner of unrecorded interest at time action is filed is lis pendens purchaser even though deed is recorded prior to judgment. *Holland v. Cofield*, 27 Okl. 469, 112 P. 1032; *Lind v. Goble*, 117 Okl. 195, 246 P. 472.

■ A lis pendens purchaser acquires no greater rights than his grantor, *Hart v. Pharaoh*, Okl., 359 P.2d 1074; and is not necessary party to litigation " * * * because his vendor or grantor continues as the representative of his interests * * *", *Brown v. Neustadt*, 145 Okl. 140, 292 P. 73.

■ In present case Tri-State was not record owner at time action was filed. When it subsequently recorded its deed it became lis pendens purchaser and Evanses continued in action as representative of Tri-State's interest. *Brown v. Neustadt*, supra.

We conclude trial court had no jurisdiction to grant jury trial.

Jurisdiction assumed, writ of prohibition granted.

All Justices concur.