Dorothy **MARZOLF, and Lester Marzolf, Plaintiffs,**

v.

Alfred **GILGORE, D.O. and Alfred Gilgore Medical Associates, P.A., Defendants.**

No. 95–2254–JWL.

United States District Court, D. Kansas.

Jan. 19, 1996.

Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for plaintiffs.

James D. Griffin and Betsy G. Kuckelman, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiffs Dorothy Marzolf and Lester Marzolf allege that defendants Alfred Gilgore and Alfred Gilgore Medical Associates, P.A., committed medical malpractice by continuously prescribing the drug Triavil to Ms. Marzolf for over eight years. Presently before the court is defendants' motion for partial summary judgment (Doc. # 13). For the reasons set forth below, the court finds that the statute of repose in K.S.A. § 60–513(c) bars any of plaintiffs' claims that are based on treatment rendered prior to June 6, 1991. As a result, defendants' motion is granted.

### I. Facts [1]

■ Dr. Gilgore is a licensed doctor of osteopathy. Alfred Gilgore Medical Associates, P.A. is a professional corporation organized by health care providers. Dr. Gilgore treated Ms. Marzolf from November of 1980 through December of 1991. Between 1983 and December 23, 1991, Dr. Gilgore continuously prescribed Triavil for Ms. Marzolf. This course of treatment caused plaintiffs substantial personal and economic damages, which prompted plaintiffs to file this action on June 6, 1995.

### II. Summary Judgment Standard

■ Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); Anthony v. United States, 987 F.2d 670, 672 (10th Cir.1993). The court views the evidence and draws any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would re-

quire submission of the case to a jury. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–52, 106 S.Ct. 2505, 2510–12, 91 L.Ed.2d 202 (1986); Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 533 (10th Cir.1994) (citing Anderson, 477 U.S. at 249–50, 106 S.Ct. at 2510–11). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

### III. Discussion

Dr. Gilgore, a doctor of osteopathy, is licensed in a branch of the healing arts. Alfred Gilgore Medical Associates, P.A. was organized by persons both licensed in a branch of the healing arts and authorized by Kansas law to form a corporation. As a result, both defendants are health care providers as defined by K.S.A. § 60–513d.

■ Certain claims against health care providers, such as those alleged by plaintiffs, are only valid if "commenced [no] more than four years beyond the time of the act giving rise to the cause of action." K.S.A. § 60–513(c). This language creates a statute of repose, Harding v. K.C. Wall Products, Inc., 250 Kan. 655, 668, 831 P.2d 958, 968 (1992), which defendants contend bars any of plaintiff's claims for treatment rendered prior to June 6, 1991, four years prior to the filing of this action. Plaintiffs respond that the statute of repose is inapplicable to this action because either (1) the statute of repose was tolled by the continuing treatment doctrine until the final treatment occurred or (2) the series of treatments constitute a single "act", which was completed by the final treatment. Under either rationale, plaintiffs assert that

---

1. The following facts are either uncontroverted or presented in the light most favorable to plaintiffs. Because plaintiffs have not supported their alleged contravention of defendants' factual statements with any citation to the record, the court treats defendants' factual allegations as un-

controverted for purposes of this motion. D.Kan. Rule 56.1. Similarly, due to defendants' failure to admit or deny the additional factual statements set forth in plaintiffs' memorandum in opposition, the court treats those statements as admitted for purposes of this motion. Id.

their claims may be based on the entire course of treatment. The court agrees with defendants.

■ Kansas enacted K.S.A. § 60–513(c) in 1976 in an "attempt to assure continued quality health care for Kansans by combating the rapidly rising cost of medical malpractice insurance and the increasing reluctance of insurance underwriters to underwrite medical professionals." *Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, 130, 631 P.2d 222, 234–35 (1981). The legislature attributed the increased costs and unavailability of medical malpractice insurance to "the 'long tail,' or the length of time after the negligent conduct, allowed for the discovery of the injury and the filing of suit thereon." *Id.* at 130, 631 P.2d at 235. "Reduction of the [repose period] was considered to be the obvious compromise to assure continued availability of malpractice insurance while protecting the injured parties' causes of action." *Id.* The four year statute of repose is thus the studied decision of the Kansas legislature.

In *Hecht v. First National Bank & Trust Co.,* 208 Kan. 84, 490 P.2d 649 (1971), the plaintiff asserted that the continuous treatment doctrine tolled the statute of limitations. The court rejected the argument, holding that the legislature had defined specifically when the statute of limitations commenced. *Id.* at 90, 490 P.2d at 654; *Stephens,* 230 Kan. at 122, 631 P.2d at 228. The *Hecht* court noted that the continuous treatment doctrine was a judicial effort to soften the perceived harshness of the statutory rule. 208 Kan. at 93, 490 P.2d at 656–57. The court held that such judicial effort would be inappropriate in Kansas because the legislature had considered the matter and had not "see[n] fit to mention ... 'continuous treatment' as an element in measuring the time in which a cause of action accrues." *Id.* at 94, 490 P.2d at 657. Given the legislature's refusal to adopt the doctrine, the court declined "to do so by judicially legislating." *Id.*

■ As noted in *Stephens,* the Kansas legislature has also carefully considered the statute of repose in K.S.A. § 60–513(c). The language of the provision is "unmistakably plain", *Stephens,* 230 Kan. at 122, 631 P.2d at 229, and nowhere includes a tolling provision of any kind. As the Kansas Supreme Court has recognized, statutes of repose "generally lack tolling provisions" and may bar rights of action even before injury has occurred. *Harding,* 250 Kan. at 662, 831 P.2d at 964 (citing *Menne v. Celotex Corp.,* 722 F.Supp. 662, 665–66 (D.Kan.1989)).

■ The significance of the legislature's choice of words is highlighted by the difference between the statutes of repose in K.S.A. §§ 60–513(c) and 60–513b. In pertinent part, the latter section provides as follows:

No action may be brought to recover for an ionizing radiation injury more than two (2) years after the person suffering such injury had knowledge or ought reasonably to have had knowledge of having suffered the injury and of the cause thereof, but in no event more than ten (10) years from the date of the last occurrence to which the injury is attributed. Notwithstanding the foregoing provisions of this section to the contrary, no action may be brought to recover for an ionizing radiation injury arising out of the rendering of or the failure to render professional services by a health care provider more than four (4) years from the date of the last occurrence to which the injury is attributed.

The final sentence of this quoted statute and K.S.A. §§ 60–513(c) were enacted in the same session of the legislature via the same bill. Act of Apr. 15, 1976, ch. 254, 1976 Kan.Sess.Laws 1005. K.S.A. § 60–513b illustrates that the legislature is aware that a series of treatments may cause an injury. In K.S.A. § 60–513(c), the legislature refused to make an exception for such a series of treatments. As a result, this court concludes that the Kansas Supreme Court would reject plaintiffs' tolling argument as inconsistent with both the reasoning of prior caselaw and the intentions of the Kansas legislature.[2]

2. The Kansas Court of Appeals has rejected an argument similar to plaintiffs'. In *Morrison v. Watkins,* 20 Kan.App.2d 411, 889 P.2d 140 (1995), the plaintiff was the beneficiary and a trustee of a trust she established in 1979. She terminated the trust and sued her two co-trustees in 1991 claiming damages from investment decisions the two made. The trial court held that the

Plaintiffs' one event theory, a close cousin to the continuing treatment doctrine, also fails to persuade the court. Acceptance of plaintiffs' theory would amount to judicial circumnavigation of the legislature's stated policies. This court is firmly convinced that the Kansas Supreme Court would not chart such a course. Although the arbitrary time limit imposed by the statute can have harsh results, statutes of repose are matters of legislative prerogative. *Stephens,* 230 Kan. at 131, 631 P.2d at 235. "Perhaps the possibility of feigned cases against unprepared defendants and the difficulties of proof in meritorious cases led to a decision that society is best served by complete repose after a certain number of years even at the sacrifice of a few unfortunate cases." *Id.* at 132, 631 P.2d at 235–36 (citation omitted).

Statutes of repose impose an "outside limitation" on claims. *Hecht,* 208 Kan. at 94, 490 P.2d at 657. Were this court to accept plaintiffs' theory, no meaningful outside limitation would exist. Conceivably, treatments could last a lifetime. Permitting such claims would defeat the purpose of a statute of repose. Health care providers would be exposed to the very long tail claims that the legislature enacted K.S.A. § 60–513(c) to curtail. Under these circumstances, the court concludes that the Kansas Supreme Court would reject the fiction plaintiffs seek to create by their one event theory.

Plaintiffs make no other argument against the applicability of the statute of repose. As a result, K.S.A. § 60–513(c) bars any of plaintiff's claims for treatment rendered prior to June 6, 1991. This ruling preserves any claims that Dr. Gilgore committed malpractice after June 6, 1991 (*e.g.,* by continuing to treat with Triavil) and to the extent plaintiffs were injured by that malpractice, plaintiffs' claims remain valid. Plaintiffs cannot, however, recover for injuries caused by

Dr. Gilgore's alleged malpractice prior to June 6, 1991.

### IV. *Order*

**IT IS THEREFORE BY THE COURT ORDERED** that defendants' motion for partial summary judgment (Doc. # 13) is granted.

**IT IS SO ORDERED.**

---

ten year statute of repose at issue barred the plaintiff from receiving damages for investment decisions made prior to 1981. *Id.* at 423, 889 P.2d at 149. In so ruling, the court rejected the argument that the statute of repose was tolled while the trustee continued to represent the plaintiff. *Id.*

In support of its holding, the *Morrison* court reasoned that unlike statutes of limitation, stat-

utes of repose are typically substantive law and "generally lack tolling provisions." *Morrison,* 20 Kan.App.2d at 423, 889 P.2d at 149. Therefore, "[b]ecause K.S.A. 1993 Supp. 60–513(b) is a statute of repose rather than a statute of limitations, the continuous representation rule does not toll the time for those complained-of actions which occurred more than 10 years before filing of the suit." *Id.*