Dorothy MARZOLF and Lester Marzolf, Plaintiffs,

v.

Alfred GILGORE, D.O. and Alfred Gilgore Medical Associates, P.A., Defendants.

No. 95–2254–DES.

United States District Court, D. Kansas.

April 22, 1996.

Andrew C. Marquardt, Marquardt & Associates, L.L.C., Fairway, KS, for plaintiffs.

James D. Griffin, Betsy G. Kuckelman, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiffs' motion for certification of questions of law to the Kansas Supreme Court. (Doc. 42) The plaintiffs seek a stay of all proceedings until the Supreme Court of Kansas has acted on questions of law certified to it by this court. Two issues are before the court for certification: 1) whether the Kansas statute of repose (Kan.Stat.Ann. 60–513(c)) is unconstitutional; and 2) whether the Kansas Supreme Court should adopt the "continuing treatment program" in a case where any of the alleged conduct which leads to an indivisible injury occurs within the four year repose period.

### I. BACKGROUND

This is a medical malpractice suit wherein the plaintiffs allege that defendants Alfred Gilgore and Alfred Gilgore Medical Associates, P.A., committed malpractice by prescribing the drug Triavil to Dorothy Marzolf for more than eight years.

On January 19, 1996, Judge Lungstrum granted summary judgment on defendant's motion to bar any of plaintiffs' claims based on treatment rendered to Dorothy Marzolf prior to June 6, 1991. *Marzolf v. Gilgore*, 914 F.Supp. 450 (D.Kan.1996). Judge Lungstrum—applying the statute of repose (K.S.A. 60–513(c))—held that the plaintiffs cannot recover for injuries caused by the

defendants' alleged malpractice prior to June 6, 1991.[1]

On January 31, 1996, the plaintiffs filed a motion asking the court (Judge Lungstrum) to certify to the Supreme Court of Kansas what is essentially the same as question of law number two contained in the motion now before this court. A hearing was held on February 8, 1996, before Judge Lungstrum who denied the motion for two reasons: 1) there is sufficient controlling precedent from the Kansas Supreme Court obviating the need for certification; and 2) the plaintiffs' certification motion was untimely.

## II. *DISCUSSION*

### A. Certifying questions to the Kansas Supreme Court is a discretionary function of the District Court.

■ Generally speaking, certification to state court is a procedure by which a federal court abstains from deciding a state law question until the highest court of the state has had an opportunity to rule on the question so certified by the federal court.

■ Like many states, Kansas has adopted its own version of the Uniform Certification of Questions of Law Act. K.S.A. 60–3201 provides:

> The Kansas Supreme Court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

"The decision to certify rests in the sound discretion of the federal district court." *Allstate Ins. Co. v. Brown,* 920 F.2d 664, 667 (10th Cir.1990) (*quoting Lehman Bros. v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974)). Furthermore, "certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex. Cam.,* Inc., 843 F.2d 406 (10th Cir. 1988).

■ "If a district court or court of appeals believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so, its determination should not be disturbed simply because the certification procedure existed but was not used." *Lehman Bros. v. Schein,* 416 U.S. 386, 395, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215 (1974) (Rehnquist, J., concurring).

### B. The statute of repose is a reasonable exercise of legislative power.

■ The statute of repose—K.S.A. 60–513(c)—has already endured constitutional scrutiny. *See Stephens v. Snyder Clinic,* 631 P.2d 222 (1981). In *Stephens,* the Kansas Supreme Court noted that the Kansas legislature has carefully studied the statute of repose and found that the language of the provisions is "unmistakably plain."[2] 631 P.2d at 229. The court in *Stephens* held that "the state legislature has the power to shorten an existing statute of limitations, provided a reasonable time is given for a person having an existing cause of action to commence an action before that bar takes effect." 631 P.2d at 224.

In *Stephens,* the Kansas Supreme Court considered the statute of repose in an equal protection context. The plaintiff contends that the statute is unconstitutional under Section 18 of the Kansas Bill of Rights, which guarantees that "all persons, for injuries suffered in person, reputation or property, shall

---

**1.** The statute of repose provides that certain claims against health care providers, such as those alleged by plaintiffs, are only valid if "commenced [no] more than four years beyond the time of the act giving rise to the cause of action." K.S.A. 60–513(c).

**2.** In his January 19, 1996, memorandum and order granting partial summary judgment to defendants, Judge Lungstrum reached the same conclusion.

have remedy by due course of law and justice administered without delay."

This court finds *Stephens* persuasive in a Section 18 context as well. The statute of repose does not abrogate a plaintiff's right of remedy for a tortious injury. It merely limits the time during which a cause of action can arise. It is premised on public policies balancing the interests of personal injury plaintiffs against the interests of health care providers and institutions. "There is a reasonable relation existing between the legislative objective of assuring continued quality health care in Kansas and the 1976 amendment of Kan.Stat.Ann. 60–513 to shorten the statute of limitations to four years from the date the wrongful act occurred in tort actions brought against health care providers." *Stephens*, 631 P.2d at 224.

### C. Whether the "continuing treatment doctrine" should be certified has already been ruled on.

An order from Judge Lungstrum is still in effect denying plaintiffs' motion for certification to the Kansas Supreme Court the issue of whether the court would adopt the "continuing treatment doctrine" in a case where any of the alleged conduct leading to an indivisible injury occurs within the four year repose period.

By submitting the same issue to this court the plaintiff is, in effect, appealing the decision of Judge Lungstrum and asking this court to reverse Judge Lungstrum's decision. "Judges of the same district court customarily follow a previous decision of a brother judge upon the same question except in unusual or exceptional circumstances." *Buna v. Pacific Far East Line, Inc.*, 441 F.Supp. 1360, 1365 (N.D.Cal.1977). This court is loathe to act as an appellate court to Judge Lungstrum, thereby circumventing the proper appellate procedure to the Tenth Circuit. In his order, Judge Lungstrum articulated the reasons why he denied the plaintiff's motion to certify the "continuing treatment doctrine." This court agrees with Judge Lungstrum that there exists ample precedent on the constitutionality of the statute of repose and that the motion for certification was untimely and should have been filed earlier in the litigation process.

**IT IS THEREFORE BY THE COURT ORDERED** that the plaintiff's Motion for Certification of Questions of Law to the Kansas Supreme Court (Doc. 42) is denied.