**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIGUEL M. RIOS and CORINA RIOS, husband and wife, and as parents and next friends of Ami and Roxanne Rios, minor children,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE, ex rel United States; UNITED STATES DEPARTMENT OF IMMIGRATION AND NATURALIZATION SERVICE; UNITED STATES BORDER PATROL,

Defendants-Appellees.

JOSE L. ARRIETA,

Movant-Appellant.

No. 02-2032
(D.C. No. CIV-00-68 KBM/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jose L. Arrieta appeals from the magistrate judge's denial of his motion for an extension of time to file an appeal. [1] Exercising jurisdiction pursuant to 28 U.S.C. § 636(c)(3) and § 1291, [2] we conclude that the magistrate judge failed to apply the appropriate legal standard and accordingly reverse.

Attorney Arrieta was disbarred in the state of New Mexico and subsequently placed on supervisory probation for one year, during which time he was prohibited from practicing law as a sole practitioner. Nonetheless, during this probationary period, Arrieta entered his appearance as counsel for plaintiffs in the underlying civil rights suit. He then applied for admission to the district court bar. Rejecting the application, the clerk advised Arrieta that he could apply for admission only after his probationary period with the state bar ended. In response to Arrieta's subsequent challenge to that decision, the clerk informed him that the district court judges unanimously voted to uphold Arietta's suspension until the probationary period ended.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] The parties in the underlying case consented to proceed before the magistrate judge, pursuant to 28 U.S.C. § 636(c). Jenkins v. City of Topeka, 136 F.3d 1274, 1275 n.1 (10th Cir. 1998).

Consequently, in an order dated March 14, 2001 (March Order), the magistrate judge presiding over the underlying civil rights suit removed Arrieta from the case. This order made findings regarding not only Arrieta's representation in the underlying case, but also his involvement in other pending federal district court cases. In addition, the magistrate judge directed that a copy of the March Order be sent to the state disciplinary board.

Arrieta sought an interlocutory appeal from the March Order in this Court. Expressing doubts regarding appellate jurisdiction, we requested that the parties file supplemental briefs in June of 2001. In his supplemental brief, Arrieta cited Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), to argue that his appeal fell within the collateral order doctrine. We dismissed the appeal on November 13, 2001, concluding that Arrieta had to wait until the district court issued a final order before he could appeal the March Order. Arrieta claims that he received a copy of this dismissal order on November 20, 2001.

While the interlocutory appeal was pending, the magistrate judge issued a final order in the underlying case on September 18, 2001. Arrieta failed to file his notice of appeal within sixty days of this date as required under Federal Rule of Appellate Procedure 4(a)(1)(B).[3] On November 30, 2001, ten days after he

_____

[3] Counsel erroneously states that the time for taking an appeal was thirty days under Federal Rule of Appellate Procedure 4(a)(1)(A). Because the United

(continued...)

allegedly received notice of the dismissal of his interlocutory appeal, Arietta filed a motion for an extension of time on the basis of excusable neglect pursuant to Federal Rule of Appellate Procedure 4(a)(5). The magistrate judge's denial of this motion constitutes the subject of the present appeal.

We review the district court's determination of a Rule 4(a)(5) motion for abuse of discretion. Romero v. Peterson, 930 F.2d 1502, 1505 (10th Cir. 1991). Failure to apply the correct legal standard in ruling on a motion constitutes an abuse of discretion. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997) ("A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard . . . .").

Federal Rule of Appellate Procedure 4(a)(5) provides that the district court may extend the time for taking an appeal if the party seeking to appeal (1) moves for an extension no later than thirty days after the time for taking an appeal has expired, and (2) demonstrates either excusable neglect or good cause for failing to appeal in a timely manner. Fed. R. App. P. 4(a)(5); City of Chanute v. Williams

---

[3](...continued)
States was a party to the underlying action, however, Federal Rule of Appellate Procedure 4(a)(1)(B) applies and Arrieta had sixty days to file, even though the government was not a party to the appeal. In re O'Bryan, 399 F.2d 916, 918 (10th Cir. 1968) ("The test as to the application of the 60 day period is not whether the United States might be concerned or interested in the final judgment, but whether it is a party to the action in which the judgment was entered."); see also Lonberg v. Sanborn Theaters Inc., 259 F.3d 1029, 1031 (9th Cir. 2001) ("It is of no moment that the United States is not a party to the appeal in question.").

Natural Gas Co. , 31 F.3d 1041, 1045 (10th Cir. 1994).  Despite the clear language of this provision, however, the magistrate judge did not render a determination on the issues of excusable neglect or good cause.  During the hearing, Arrieta presented the chronology of events set out above to argue that his failure to file a timely appeal was excusable.  In the oral ruling, the magistrate judge's only response to this argument suggests that in fact, she was inclined to find that excusable neglect existed.  (Appellant's App. at 32 ("I'll tell you, I mean, he makes a good point with regard to — as far as neglect in making a timely appeal.").)  Nevertheless, focusing on the relationship between the appeal and the underlying suit, the magistrate judge denied the motion, finding that "[t]he jurisdictional basis that really served as the premise for [Arietta's] case no longer exists."  Id. at 37.  Thus, the decision was based not on the absence of excusable neglect (for which we intend no opinion on the merits), but rather on the magistrate judge's conclusion that appellate jurisdiction was lacking, a matter reserved to the appellate court to determine.      Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.").

Because the magistrate judge failed to apply the excusable neglect standard, her ruling constituted an abuse of discretion.      Accordingly, the denial of Arrieta's

-5-

motion for an extension of time is REVERSED, and this case is REMANDED for a proper determination of excusable neglect under the applicable standard. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge