**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CURTIS NICHOLS,

 Plaintiff - Appellant,

 v.

KANSAS DEPARTMENT OF
CORRECTIONS; MICHAEL
SCHMIDLING; BEN REYNOLDS;
JAMES ARNOLD; WILLIAM
GREGORY,

 Defendants - Appellees.

No. 12-3049
(D.C. No. 2:10-CV-02086-JAR-GLR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

 Curtis Nichols appeals the dismissal of his claims against two defendants

for failure of service. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

 [*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Nichols worked as a correctional officer at the Lansing Correctional Facility (the Facility) of the Kansas Department of Corrections (KDOC).  On February 11, 2010, he filed a pro se complaint against KDOC in the United States District Court for the District of Kansas under Tile VII of the Civil Rights Act of 1964, and the court granted him leave to proceed *in forma pauperis* (IFP).  He alleged a hostile work environment created by harassment from his co-workers on the basis of his race, which he described as "black."  KDOC moved to dismiss.  Nichols did not respond to KDOC's motion but moved to amend his complaint to add four KDOC employees as defendants:  James Arnold, William Gregory, Michael Schmidling, and Ben Reynolds.  The court granted KDOC's motion to dismiss on the grounds that Nichols failed to respond and that KDOC is not subject to suit under Kansas law.  The court denied without prejudice Nichols's motion to amend because he had failed to attach a proposed amended complaint, as required by D. Kan. Rule 15.1.

Nichols again moved to amend, this time attaching a proposed amended complaint that attempted to state claims against KDOC and the four individuals under Title VII and 42 U.S.C. § 1983.  Attorney Fred W. Phelps, Jr., identifying himself as "Legal Counsel/Kansas Department of Corrections" and "Attorney for Defendant," objected to the amendment.  R., Vol. 1 at 55, 57.  The district court denied Nichols leave to keep KDOC in the case, but granted leave to name the

four individuals on condition that he file a further amended complaint not naming KDOC. Nichols complied on January 18, 2011.

Summonses were issued to the four defendants, and the marshal's office attempted to serve them by certified mail addressed to them at the Facility. On February 10 the marshal's office filed a Process Receipt and Return for each defendant stating that the summons was unexecuted because it was returned by the post office. In particular, the marshal's office reported that the packets addressed to Gregory and Arnold were returned in late January with the notation "Nobody here by this name." Process Receipt & Return (James Arnold, William Gregory), *Nichols v. Schmidling*, No. 2:10-cv-2086-JAR-GLR (D. Kan. Feb. 10, 2011).

On June 14, 2011, nearly a month after the expiration of the 120-day time limit for service, *see* Fed. R. Civ. P. 4(m), Nichols filed a "Motion to Allow Personal Service" of Arnold, Gregory, and Schmidling by the local sheriff's department, stating, among other things, that the Facility mail room had falsely reported that Arnold and Gregory no longer worked there. The district court denied the motion, explaining that Fed. R. Civ. P. 4(c)(3) requires service "by a United States marshal or deputy marshal or by a person specially appointed by the court" when a plaintiff proceeds IFP, and that Nichols had failed to offer a reason to appoint anyone specially. R., Vol. 1 at 123 (Order, *Nichols v. Schmidling*, No. 2:10-cv-2086-JAR-GLR (D. Kan. July 18, 2011)). But the court exercised its

discretion under Fed. R. Civ. P. 4(m) to extend the time for service for an additional 120 days.

Although the marshal's office was not able to serve the other defendants, it was able to serve Gregory by mail at the Facility. (Gregory was apparently the only defendant still working at the Facility at the time.) Gregory moved to dismiss. Nichols again failed to respond to the motion to dismiss, but he filed a motion for default judgment against all the individual defendants and a substantially identical "Motion for Directed Verdict." *Id.* at 137. He also filed a "Request to Take Judicial Notice." *Id*. at 141. The pleadings asserted that he had served all the defendants by mailing copies of the complaint to Phelps (who had appeared for both KDOC and Gregory), but that they had failed to timely respond.

The district court granted Gregory's motion on the ground that he was not a proper defendant under Title VII because he was not a supervisory employee. And it denied Nichols's motions because Gregory was the only properly served defendant. The court also ordered Nichols to show cause by December 6, 2011, why the claims against Schmidling, Reynolds, and Arnold should not be dismissed for failure of service. Nichols timely responded. He stated that Reynolds had died and that he had "had great difficulty locating the actual addresses of" Schmidling and Arnold. *Id.* at 162 (Pl.'s Mot. for Ex Parte Orders to Facilitate Serv. of Process at 2, *Nichols v. Schmidling*, No. 2:10-cv-2086-JAR-GLR (D. Kan. Nov. 22, 2011)). He requested that the court order defense counsel

-4-

(presumably Phelps) to provide him with the current or last known addresses of Schmidling and Arnold.

On January 3, 2012, the district court ruled that Nichols bore responsibility for the failure of service and refused to order counsel for KDOC to provide addresses of persons for whom counsel was not authorized to accept service. Nevertheless, the court granted Nichols an additional 30 days to provide the marshal's office with addresses for Schmidling and Arnold.

Nichols failed to provide the marshal's office with the addresses, and the district court dismissed the action without prejudice on February 10, 2012. Ten days later, Nichols filed a motion for reconsideration, arguing that he had not received notice of the 30-day extension before it expired. The court denied the motion. It acknowledged that the certified letter to Nichols with the copy of the January 3, 2012, order had been returned as "unclaimed" (presumably because Nichols failed to pick it up from the post office and sign the return receipt, as is ordinarily required for certified mail *see Van Horn v. D.E.A.*, 677 F. Supp. 2d 1299, 1304–05 (M.D. Fla. 2009) (describing certified-mail procedure)); but it noted that the letter had been mailed to his current address and that he had received a copy of the February 10, 2012, order mailed to the same address. It further observed that Nichols still had not provided the court or the marshal with Schmidling's and Arnold's addresses.

## II.    DISCUSSION

Nichols's sole issue on appeal is whether Schmidling and Arnold were properly served. "We review under an abuse-of-discretion standard the decision to dismiss a defendant for failure of proper service." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (internal quotation marks omitted).

Because Nichols is proceeding pro se, we liberally construe his brief. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 n.1 (10th Cir. 2011). Nichols appears to raise two arguments:  (1) that he effectively served Schmidling and Arnold by mailing copies of his complaint to Phelps, who represented KDOC and Gregory; and (2) that when the marshal attempted to serve Arnold at the Facility, the mail-room staff falsely stated that Arnold no longer worked there.

We reject the first argument, agreeing with the district court that "[t]he record is clear that counsel for Gregory, who also represented the KDOC, has not entered an appearance for the other three Individual Defendants."  R., Vol. 1 at 157 (Mem. & Order at 7, *Nichols v. Schmidling*, No. 2:10-cv-2086-JAR-GLR (D. Kan. Nov. 21, 2011)).  We recognize that counsel for a defendant can waive defects in service of that defendant.  *See United States v. 51 Pieces of Real Prop. Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353, at 339–40 (3d ed. 2004) (objections to insufficient service are waived by answering complaint or by filing motion raising any other defense under Fed. R. Civ. P. 12(b) before objecting to

-6-

insufficient service).  We also recognize that entry of an appearance by counsel for a defendant can effect service of that defendant under Kansas law, *see* Kan. Stat. Ann. § 60-203(c) (2011), and it therefore effects service under Fed. R. Civ. P. 4(e)(1).  *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1276 (10th Cir. 1998) (formal entry of appearance within time for service satisfies service requirement). But we know of nothing in the rules or case law indicating that service of a defendant can be effected merely by delivering a copy of the complaint to an attorney, certainly not an attorney who does not represent that defendant in the action.  Nor can an appearance by an attorney for one defendant effect service of another defendant who is not also represented by that attorney.  *Cf. Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) (plaintiff brought claims against city and several individuals; pleading filed by attorneys for city, "which ma[de] no reference whatsoever to the individual defendants," did not effect service of individuals).

As to Nichols's second argument, he fails to explain why he is entitled to relief as a result of the apparently false statements by Facility mailroom staff that Gregory and Arnold were not there when service by mail was attempted in January 2011.  Gregory was eventually served.  And even if, as Nichols asserts, Arnold worked at the Facility until June 11, 2011, Nichols bears primary responsibility for failure to serve Arnold by that time because he did not bring the mailroom error to the court's attention and seek further assistance in serving

Arnold until he filed his motion on June 14, 2011, requesting that the sheriff be specially appointed to serve process. More importantly, Nichols did not present to the district court the argument that the mailroom error foreclosed dismissal of his claim against Nelson. The only district-court pleading mentioning the error was his June 14 motion to authorize the sheriff to effect service. We do not consider arguments that were not presented to the district court. *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1158 (10th Cir. 2011).

The district court did not abuse its discretion in dismissing Schmidling and Arnold from the action,

## III.  CONCLUSION

We AFFIRM the district court's judgment.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-8-