No. 47,005

CITY OF HUTCHINSON, KANSAS, A MUNICIPAL CORPORATION, FOR AND ON BEHALF OF THE HUMAN RELATIONS COMMISSION OF HUTCHINSON, KANSAS, *Appellant*, v. THE HUTCHINSON, KANSAS OFFICE OF THE KANSAS STATE EMPLOYMENT SERVICE AND LAWRENCE M. FORNEY, *Appellees*.

(517 P. 2d 117)

Opinion filed December 8, 1973.

*Charles Hyter,* of Hutchinson, argued the cause, and *John A. Robinson,* of Hutchinson, was on the brief for the appellant.

*F. Duane Roberts,* of Topeka, argued the cause, and was on the brief for the appellees.

*David L. Ryan,* of Topeka, argued the cause, and *Vern Miller,* attorney general, *Charles S. Scott* and *Roger W. Lovett,* both of Topeka, were with him on the brief for Kansas Commission on Civil Rights, National Association for the Advancement of Colored People, American G. I. Forum and Kansas Human Relations Association, *amicus curiae.*

The opinion of the court was delivered by

SCHROEDER, J.: This is an action by the City of Hutchinson for and on behalf of the Human Relations Commission of Hutchinson, Kansas, to require the Hutchinson, Kansas, office of the Kansas State Employment Service to furnish records in connection with an investigation.

The petition alleged:

"1. That the plaintiff is a municipal corporation; that the defendant, *The Hutchinson, Kansas Office of the Kansas State Employment Service is an agency of the State of Kansas*; that the defendant, *Lawrence M. Forney, is the supervisor of employment relations for the Hutchinson, Kansas Office of the Kansas State Employment Service.*

"2. That on October 26, 1971, the Governing Body of the City of Hutchinson, Kansas *adopted Ordinance No. 6132, being an ordinance creating a Human Relations Commission* and prohibiting discrimination because of race, sex, color, religion, national origin or ancestry, in the City of Hutchinson, Kansas. *That Section 37-4 of the above referred to ordinance sets out the powers and duties of the Human Relations Commission of Hutchinson, Kansas, and contains in part the following language, to-wit*:

" 'The Commission shall have the following functions, powers, duties and responsibilities:

"a. To receive, initiate, investigate, pass upon and attempt to conciliate all

complaints alleging discrimination, segregation or separation in employment because of race, sex, religion, color, national origin or ancestry; or in public accommodations and housing because of race, religion, color, national origin or ancestry.

"b. *In conducting an investigation the Commission shall after due notice have access at all reasonable times to premises, records, documents and other evidence or possible sources of evidence and may examine, record and copy such materials and take and record the testimony or statements of such persons as are reasonably necessary for the furtherance of the investigation.* In the *case of refusal of any person to comply with access to information set forth immediately above the Commission may request the District Court of Reno County, Kansas to order such person to comply with such request.* Failure to obey the Court's order may be punished by the Court as contempt. . . .'

"3. *That the Human Relations Commission of Hutchinson, Kansas, is investigating a complaint alleging discrimination because of race and as a part of said investigation and after due notice has requested certain information and records from the defendants.*

"4. That *defendants have refused to comply with plaintiff's request in violation of the above referred to ordinance by refusing to allow access to records in the defendant's possession necessary to the furtherance of the investigation by the Human Relations Commission of Hutchinson, Kansas.*

"5. The records which the defendants have refused to allow access to and which are necessary for the furtherance of the investigation are as follows:

"a. *An employee personnel roster showing defendants' employees by name, race, sex, job classification and date hired.*

"b. *Records showing all files of applicants seeking job referrals* from the date of December 1, 1971, to February 1, 1972, showing name, race, sex, job classification sought, date referred, employer referred to, employment tests and results thereof and final disposition of applicants.

"c. *Copies of or access to referral work sheets which relate to referrals made from December 1, 1971, to February 1, 1972, to the following employers:*
*Midland Credit Management, Inc.*
*Valley Federal Savings & Loan Association of Hutchinson, Kansas*
*Horn & Buckle Restaurant*
*Master Machine Tool, Inc. and*
*C-K, Inc.*

"6. That plaintiff has made request upon the defendants for access to the above referred to records and for permission to copy the same and although defendants have cooperated to some extent in furnishing other records, *the defendants have failed and refused to furnish access to the above records* and/or refused the plaintiff an opportunity to record and copy the above referred to records.

"WHEREFORE, plaintiff prays the Court for an order of the Court ordering the defendants to comply with the plaintiff's request by furnishing access to and opportunity to record and copy the records referred to in this petition, for its costs herein, and for such other further relief as the Court may deem just and equitable." (Emphasis added.)

Thereupon the attorney for the defendants filed a motion which in material part reads:

"Comes now F. Duane Roberts, Attorney for named defendants, and moves the Court for an Order:

"1. Dismissing the above-entitled action against the defendant, The Hutchinson, Kansas Office of the Kansas State Employment Service for the reason that no authority by statute, or otherwise, exists for said named defendant to sue or be sued in the courts of this state; that the Court lacks jurisdiction over its person; that the petition fails to state a claim against this defendant upon which relief can be granted because defendant, The Hutchinson, Kansas Office of the Kansas State Employment Service is operated and controlled by the State office of the Kansas Employment Security Division.

"2. Dismissing the above-entitled action against the defendant, Lawrence M. Forney, because he is not the real party in interest; that said Lawrence M. Forney, is an employee of the State of Kansas; that petition admits that Lawrence M. Forney and his office is an Agency of the State of Kansas; that the petition fails to state a claim against him upon which relief can be granted.

\* \* \* \* \*

"It is further moved for an order dismissing the above-entitled action because the above-entitled Court lacks jurisdiction over the subject matter and over the persons of defendants in a direct action by plaintiff because this action is not an appeal from the municipal court; nor is it an appeal from a final order after a public hearing of the Kansas Commission on Civil Rights under the Kansas Act Against Discrimination (K. S. A. 44-1001, et seq.).

"It is further moved that the Court dismiss the above-entitled action because it fails to state a claim upon which relief can be granted; that the Court lacks jurisdiction over the subject matter and over the persons; there is improper venue, insufficiency of process, and insufficiency of service of process."

On the 17th day of March 1972, the trial court held an evidentiary hearing in connection with the motion, and, after arguments, concluded that it did not have jurisdiction of the subject matter of the action. (Citing, *City of Hutchinson v. Wagoner*, 163 Kan. 735, 186 P. 2d 243.) The reason assigned by the trial court for its ruling was that jurisdiction of the subject matter of an action is vested by statute and cannot ordinarily be conferred on a court by consent, waiver or estoppel. It also relied upon *City of McPherson v. State Corporation Commission*, 174 Kan. 407, 257 P. 2d 123, for the proposition that the authority and jurisdiction of a court is fixed by statute and Article 3, Sec. 6, of the Kansas Constitution.

Appeal has been duly perfected by the City of Hutchinson for and on behalf of the Human Relations Commission of Hutchinson, Kansas.

Among the exhibits introduced by the appellee at the hearing on the motion was Hutchinson Ordinance No. 6132; Rules of Procedure

of the Hutchinson Human Relations Commission; complaints filed by Mrs. Bobby VanBuren against Midland Credit Management, Inc., Valley Federal Savings and Loan Association, The Horn and Buckle Restaurant, Master Machine Tools, Inc., C-K, Inc., and Employment Service of Kansas. Also introduced in evidence was the regulation adopted by the State Labor Commissioner in connection with disclosure of information, Article IV, and a federal poster which prohibits discrimination by State Employment Service officers.

Appellees' Exhibit No. 9 is entitled:

"CITY OF HUTCHINSON: HUMAN RELATIONS COMMISSION
DOCKET No. 6-72
On the Complaint of Mrs. Bobby VanBuren
Complainant,
v.
Employment Service of Kansas
Respondent."

In her complaint Mrs. VanBuren among other things alleged:

"I feel that I have been the recipient of discriminatory referral service. I cannot believe that this Employment Service Office can possibly be operating in the inadequate fashion they are attempting to make me believe. I do not feel that their job vacancies can be accurately recorded and presented to other job applicants if they do not receive their referral cards or they do not know the reasons for a potential employers refusal to hire an applicant.

"I hereby charge *the Employment Service of Kansas,* and its representatives in Hutchinson, Kansas, *with discrimination in violation of the Code of the City of Hutchinson, Kansas, Chapter 37, Section 37-6 (e) in that they inadequately handled my referral information because of my race.*" (Emphasis added.)

It is readily apparent the appellant's action is against a state agency, The Kansas State Employment Service.

The Employment Security Law (K. S. A. 44-701, *et seq.,* as amended) is complete within itself and provides its own procedures. (*Shumaker v. Kansas State Labor Dept.,* 154 Kan. 418, 118 P. 2d 550.)

The law is administered by the State Labor Commissioner. Actions brought by or against the agency involving employment service activities are brought in the name of the commissioner.

The State Labor Commissioner's duties and powers are described in K. S. A. 1972 Supp. 44-714 in these words:

". . . It shall be the duty of the commissioner to administer this act; and *he shall have power and authority to adopt, amend, or rescind such rules and regulations,* to employ such persons, make such expenditures, require such

reports, make such investigations, and take such other action as he deems necessary or suitable to that end. . . ." (Emphasis added.)

### K. S. A. 44-715 provides:

". . . (a) *State employment service.* The commissioner shall create a state employment service section in the employment security division. The commissioner shall establish and maintain thereunder free public employment offices in such number and in such places as may be necessary for the proper administration of this act and for the purposes of performing such duties as are within the purview of the act of congress entitled 'An act to provide for the establishment of a national employment system and for co-operation with the states in the promotion of such system, and for other purposes,' approved June 6, 1933 (48 Stat. 113; U. S. C., title 29, sec. 49 [(c)] as amended). . . ."

Under K. S. A. 1972 Supp. 44-717 (b) (1) actions for collection against employers shall be by civil action in the name of the "commissioner". The "commissioner" is defined to be the State Labor Commissioner in K. S. A. 1972 Supp. 44-703 (e).

The State Labor Commissioner's representation in court is covered by K. S. A. 1972 Supp. 44-720 in these words:

". . . (a) *In civil actions. In any civil action involving the provisions of this act,* the commissioner and the state may be represented by any qualified attorney who is a regular salaried employee of the commissioner and designated by it for this purpose, *and at the commissioner's request by the attorney general;* . . ." (Emphasis added.)

Service of process upon governmental agencies is specified in K. S. A. 1972 Supp. 60-304 (d) which provides in part:

". . . *[U]pon the state or any governmental agency of the state, when subject to suit, by delivering a copy of the summons and petition to the attorney general or an assistant attorney general.*" (Emphasis added.)

Pursuant to the authority in 44-714, *supra,* the State Labor Commissioner adopted rules and regulations. Among them is K. A. R. 50-4-1 which places limitations upon the disclosure of information from the employment security division's files. The regulation begins with these words:

"*No disclosure of information obtained at any time from workers, employers, or other persons or groups in the course of administering the state public employment service program shall be made directly or indirectly, except as authorized by this regulation.* . . ." (Emphasis added.)

The regulation then continues to state that disclosure of information is authorized in certain cases, naming employment service functions, benefit claimants, unemployment compensation and similar agencies, public assistance agencies and no others. *The regulation*

*authorizes general information but it does not include information indentifiable to individual applicants, employers, or employing establishments.* The last paragraph of the regulation authorizes the giving of information to individuals, organizations, and agencies or for purposes other than those specified above, *if such disclosure will not impede the operation of, and if not inconsistent with the purposes of, the public employment service program and is "authorized in writing in individual cases by the commissioner".*

There is nothing in the record disclosing that the appellant complied with the foregoing regulation to procure the information and records sought by this action. On the contrary, the allegations of the petition—that Lawrence M. Forney refused to divulge information identifiable to individual applicants, employers, or employing establishments—admit compliance with the regulation by Mr. Forney.

In the petition filed by the appellant the State Labor Commissioner is not made a party to the action. An attempt is made in the petition to set up a purely local claim against a local official for the refusal to obey a city ordinance concerning the local official's state type activities.

Under the Kansas code of civil procedure Lawrence M. Forney, designated a defendant in this action, as an agent and employee of the employment security division, was merely acting in his official capacity in accordance with the Kansas Statutes and the agency regulations governing the performance of his duties. In this action Forney is not an indispensable party, nor is he a "contingently necessary" party under K. S. A. 1972 Supp. 60-219 (*a*).

Lawrence M. Forney, as a public officer, is not individually liable for the performance of duties involving discretion and judgment in the absence of malice, oppression in office or willful misconduct. (*Hicks v. Davis,* 100 Kan. 4, 163 Pac. 799; and *Barten v. Turkey Creek Watershed Joint District No.* 32, 200 Kan. 489, 438 P. 2d 732.)

In *Cities Service Oil Co. v. Kronewitter,* 199 Kan. 228, 428 P. 2d 804 the court held:

"Proper parties are those without whom the cause might proceed but whose presence will allow a judgment more clearly to settle the controversy among all the parties. Necessary parties are those who must be included in an action either as plaintiffs or defendants unless there is a valid excuse for their nonjoinder. Indispensable parties are those who must be included in an action before it may properly go forward." (Syl. 1.)

From the allegations of the petition and on the state of the record

presented the State Labor Commissioner is an indispensable party to this action, and Lawrence M. Forney is not a necessary party. Failure to name the State Labor Commissioner as a party defendant and serve the attorney general or an assistant attorney general is fatal to the appellant's action. Accordingly, the court lacked jurisdiction over the necessary parties to proceed in the matter.

Here the State Labor Commissioner made no entry of appearance. Counsel for the appellees raised the defenses of lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process by motion as he was authorized to do by K. S. A. 1972 Supp. 60-212 (*b*). By his appearance for the named parties defendant's counsel did not waive any rights of the named defendants.

The old distinction between a general and special appearance was abolished by the new code of civil procedure (60-212 [*b*], *supra*, and *Small v. Small*, 195 Kan. 531, 538, 407 P. 2d 491). In *Haley v. Hershberger*, 207 Kan. 459, 485 P. 2d 1321, the court said:

". . . K. S. A. 60-212 has abolished the old distinction between general and special appearances. A defendant need no longer appear specially to attack the court's jurisdiction over him. The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K. S. A. 60-212 (*h*). The defense is then waived not because of defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules." (p. 465.)

In view of our disposition of the case it is unnecessary to discuss the matter of venue, which has not been briefed by the parties.

This court has long been committed to the rule that a judgment which is correct in result will not be disturbed on appeal even though the reasons given by the trial court for its rendition are erroneous. (*Henks v. Panning*, 175 Kan. 424, 264 P. 2d 483; *George v. Ayesh*, 179 Kan. 324, 295 P. 2d 660; and *Leanderbrand v. Central State Bank of Wichita*, 202 Kan. 450, 450 P. 2d 1.)

As in *Hutchinson Human Relations Commission v. Midland Credit Management, Inc.*, 213 Kan. 308, 517 P. 2d 158, the attorney general joined in the brief *amicus curiae* of the Kansas Commission on Civil Rights, the National Association for the Advancement of Colored People, the American G. I. Forum and Kansas Human Relations Association urging the court to reverse the decision of the trial court.

For the reasons heretofore assigned the decision of the trial court dismissing the action on the motion of the appellees is correct in result. Accordingly, the judgment of the lower court is affirmed.