**Wanda JENKINS, Plaintiff,**

v.

**CITY OF TOPEKA, et al., Defendants.**

No. 96–1132–JTR.

United States District Court,
D. Kansas.

March 14, 1997.

Memorandum Denying Rehearing
April 28, 1997.

Alan G. Warner, Amy C. Bixler, Margaret A. Graham, Warner, Bixler & Associates, L.L.C., Topeka, KS, for Plaintiff.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

REID, United States Magistrate Judge.

On December 20, 1996, defendants filed a motion to dismiss (Doc. 24). A response was filed on January 13, 1997 (Doc. 25), and a reply brief was filed on February 7, 1997 (Doc. 29). This case has been transferred to this court for all further proceedings, pursuant to 28 U.S.C. § 636(c)(1).

This is a personal injury action arising out of an automobile accident in the city of Topeka, Kansas on September 8, 1994. The plaintiff is an Oklahoma citizen, and filed this action in federal court on the basis of diversity jurisdiction. Defendants argue that the case should be dismissed because the statute of limitations has expired as to the cause of action without proper service being obtained on the defendants.

The court has diversity jurisdiction over this case. This case involves state law claims. In diversity actions, state statute of limitations govern state law claims. *Burnett v. Perry Manufacturing, Inc.*, 151 F.R.D. 398, 400 (D.Kan.1993). Since this is a diversity action, state law determines, for limitations purposes, when plaintiff commenced the suit. In Kansas, K.S.A. 60–203 governs the commencement of actions. *Id.* A state service of process rule that is an integral part of the state statute of limitations will control in actions based upon state law filed in federal court where jurisdiction is based upon diversity of citizenship. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980).

This case was filed on April 12, 1996 (Doc. 1). Counsel for the plaintiff mailed a "Notice and Acknowledgment for Service by Mail" form, a "Notice of Lawsuit and Request for Waiver of Service of Summons" form, a "Waiver of Service of Summons" form and a copy of the complaint to defendant City of Topeka on April 13, 1996 (Doc. 24, Exh. A). These same documents were mailed to defendant Doug Reinert on April 13, 1996 (Doc. 24, Exh. B). No summons accompanied these documents. On May 9, 1996, counsel for the defendants wrote counsel for plaintiff. In the letter, counsel for plaintiff was informed of alleged deficiencies in the documents sent to defendants and that the documents would not be returned to him in lieu of service of process. The letter further stated that defendants' counsel would not return an executed waiver of service of summons for either named defendant (Doc. 24, Exh. C). Also on May 9, 1996, counsel for defendants filed the following worded entry of appearance:

> COMES NOW Craig C. Blumreich of Gehrt & Roberts, Chartered, and enters his appearance herein as counsel of record on behalf of the defendants in the above-captioned action.

(Doc. 2). Defendants filed their answer on June 14, 1996 (Doc. 3). Within the answer, they asserted the following:

> 10. The defendants affirmatively allege that the court has no personal jurisdiction over them.
>
> 11. The defendants affirmatively allege that the plaintiff has obtained insufficient service of process upon them ...
>
> 13. The defendants affirmatively allege that this action will be barred by the applicable statute of limitations.

(Doc. 3). It is not disputed that the defendants have not received proper service of process under Kansas law in this case.

As noted above, this case arose from an automobile accident on September 8, 1994. The appropriate statute of limitations is two years. K.S.A. 60–513(a)(4). Therefore, the statute of limitations would have expired in this case on September 8, 1996.

According to K.S.A. 60–203(a), a civil action is commenced when the petition is filed, if service of process is obtained within 90 days after the petition is filed (120 days if extended by the court upon a showing of good cause); otherwise, the action is commenced when service of process is obtained. K.S.A. 60–203(c) states that "the filing of an entry of appearance shall have the same effect as service." Plaintiff's position is that the entry of appearance by counsel for plaintiff constitutes an entry of appearance which shall have the same effect as service, as set forth in K.S.A. 60–203(c). Defendants contend that it does not constitute an entry of appearance having the same effect as service,

and that it was entered solely to comply with D. Kan. Rule 5.1(d).

D. Kan. Rule 5.1(d) provides that counsel may enter their appearance by providing their name and other information in a number of documents, including the answer or other responsive pleading, a motion to dismiss, or a motion to extend time to answer/respond. The rule goes on to state that "[c]ounsel whose appearance has not been entered as described above in this subsection, shall enter their appearance by separate pleading which shall show the party represented...." While there is no reason defendants' counsel could not have waited to enter their appearance with the filing of the answer, the entry of appearance does satisfy the requirements of D. Kan. Rule 5.1(d).

Only one case has specifically addressed K.S.A. 60–203(c). In *Dotson v. State Highway Commission,* 198 Kan. 671, 673, 426 P.2d 138 (1967), the party entered the following appearance on the morning of trial:

> Now comes, David W. Dotson, purchaser under contract of the property described herein, the record title to which is vested in the name of Floyd Dotson, and does hereby enter his appearance herein and consents to being made a party of the defendant in the above entitled actions.

The "entry of appearance" specifically asserts that David Dotson consents to being made a party in the cases. He was represented by counsel at the trial. It was not until the motion for new trial that he asserted that he had never been joined as a party to the cases. The court held that the above entry of appearance was equivalent to service of process and David thereby submitted himself to the court's jurisdiction. *Dotson,* 198 Kan. at 673–76, 426 P.2d 138.

■ Other cases have addressed the effect of the prior filing of pleadings by a party or their attorney when that party in a timely manner asserts the defenses of lack of jurisdiction and lack of sufficiency of service of process. In the case of *Haley v. Hershber-*

*ger,* 207 Kan. 459, 485 P.2d 1321 (1971), Mr. Hershberger was not served in a manner in substantial compliance with Kansas statutes. As is noted in that case, jurisdiction over the person of the defendant can be acquired only by issuance and service of process in the method prescribed by statute, or by voluntary appearance. *Id.* 207 Kan. at 463, 485 P.2d 1321. In the case, counsel for Hershberger filed motions for extensions of time to answer in the case and conducted preliminary discovery in the case. Hershberger then filed a timely answer asserting insufficiency of process and service of process and lack of jurisdiction over the person. The court held that defendant Hershberger did not waive the defenses he asserted in his answer because of the previously filed pleadings by counsel.[1] The court held as follows:

> The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. This is clearly stated by the express terms of K.S.A. 60–212(h).[2] **The defense is then waived not because of defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules. Preliminary motions which do not constitute a defense or go to the merits of the action do not constitute a waiver** (emphasis added).

207 Kan. at 465, 485 P.2d 1321.

The same result was reached in the case of *City of Hutchinson v. Hutchinson, Kansas Office of State Employment Service,* 213 Kan. 399, 517 P.2d 117 (1973). In that case, the plaintiff failed to serve the defendant. The court held that the appearance of the defendants' counsel did not waive any rights of the named defendants to assert the defenses of lack of jurisdiction over the person, insufficiency of process and insufficiency of service. Those defenses were timely asserted in a motion filed by the defendants. 213 Kan. at 402, 406, 517 P.2d 117.

While not controlling, the Florida Supreme Court has addressed the identical issue raised in this case. In the case of *Public*

---

1. In D. Kan. Rule 5.1(d), an entry of appearance by counsel may be made by a motion to extend time to answer or respond. Such motions were the very ones filed in the *Haley* case.

2. K.S.A. 60–212(h) is based on Fed.R.Civ.P. 12(h). *Small v. Small,* 195 Kan. 531, 538, 407 P.2d 491 (1965).

*Gas Co. v. Weatherhead Co.,* 409 So.2d 1026, 1027 (Fla.1982), the court held that the filing of a "notice of appearance" by counsel for the party did not waive that party's right to claim lack of jurisdiction over its person in a motion to dismiss. That result is entirely consist with the results reached in *Haley* and *City of Hutchinson.*

■ The court does acknowledge that K.S.A. 60–203(c), on its face, states that an entry of appearance shall have the same effect as service. However, an entry of appearance by counsel under D. Kan. Rule 5.1(d) includes any pleading filed by counsel, including an answer, notice of removal, motion to extend time to answer or respond, motion to dismiss, or any other responsive pleading. A literal reading of K.S.A. 60–203(c), in isolation, would result in a holding that the filing of an answer contesting sufficiency of service of process and personal jurisdiction would have the same effect as service since the filing of an answer constitutes an entry of appearance. Such an interpretation would place counsel and their clients in a catch–22 situation: by filing the answer described above they would waive the very defense they seek to raise in the pleading. Such an absurd and manifestly unreasonable result cannot be permitted.[3] In *Haley,* the court addressed this very question when it quoted the holding from the case of *Small v. Small,* 195 Kan. 531, 538, 407 P.2d 491 (1965): "The defense of lack of jurisdiction may be asserted by motion with other defenses without waiving the objection." *Haley,* 207 Kan. at 465, 485 P.2d 1321. In *Small,* the appellant had not been served; appellant then filed a motion to dismiss alleging lack of personal jurisdiction and no service of process. The appellee argued that the filing of the motion constituted an entry of a general appearance. The court's holding clearly rejected that argument. *Id.* at 536–38, 407 P.2d 491.

Thus, the rule in Kansas is that a voluntary appearance does not waive defenses which are asserted within the time prescribed by the applicable rules of procedure. It makes no difference whether the voluntary appearance comes in a pleading which is titled "Entry of Appearance (by counsel)", or if counsel enters their appearance by filing some other pleading, such as a motion for additional time to answer, as counsel did in *Haley.*

■ A single rule of civil procedure cannot be read in a vacuum. It must be read in light of the structure of the entire rules of civil procedure. *Silva v. City of Madison,* 69 F.3d 1368, 1371 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1354, 134 L.Ed.2d 522 (1996). The rules of civil procedure must be considered in relation to one another and construed together. *Maybin v. Northside Correctional Center,* 891 F.2d 72, 74 (4th Cir.1989). It is the duty of the court, as far as practicable, to reconcile the different provisions of the rules of civil procedure so as to make them consistent, harmonious, and sensible. *See First National Bank and Trust v. Miami County Cooperative Association,* 257 Kan. 989, 1001, 897 P.2d 144 (1995). K.S.A. 60–203(c) must therefore be read and interpreted in conjunction with the other rules of civil procedure, including K.S.A. 60–212(h), which states that the defense of insufficient service of process is waived if not raised by motion or in the answer or other responsive pleading.

■ This court therefore holds that the filing of an "entry of appearance" by counsel for the defendant does not have the same effect as service when the defendant timely files an answer or other responsive pleading or a motion asserting insufficiency of service of process. In other words, the filing of an entry of appearance shall have the same effect as service, as set forth in K.S.A. 60–203(c), unless the defendant timely

---

**3.** Under our constitutional framework, courts do not sit as councils of revision, empowered to rewrite legislation in accord with their own conceptions of public policy. Only when a literal construction of a statute yields results so manifestly unreasonable that they could not fairly be attributed to legislative design will an exception to statutory language be judicially implied. *United States v. Rutherford,* 442 U.S. 544, 555, 99 S.Ct. 2470, 2477, 61 L.Ed.2d 68 (1979). The legislature is presumed to intend its enactments to be read literally, unless doing so would lead to absurd results. *State v. Riley,* 259 Kan. 774, 780, 915 P.2d 774 (1996).

files a responsive pleading or motion asserting insufficiency of service of process.

The defendants in this case timely asserted the defenses of insufficient service of process and lack of personal jurisdiction in their answer. These defenses therefore were not waived because of the prior pleading filed by their counsel. The defendants have never been properly served with process in this case and they have never waived the requirement of service of process. Since defendants have never been properly served, this court does not have personal jurisdiction over them. Finally, this case has never been commenced under K.S.A. 60–203(a) since service of process was never obtained on the defendants. Since this case was not commenced on or before September 8, 1996, this action is barred by the applicable statute of limitations.

Plaintiff also claims that even if the court holds that service was not obtained on the defendants, that they are entitled to the saving provision of K.S.A. 60–203(b). That statute states as follows:

> If service of process ... purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained ... within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

Plaintiff therefore seeks 90 days from the ruling of this court to attempt to perfect proper service on the defendants.

The outcome of this issue is controlled by the case of *Grimmett v. Burke*, 21 Kan. App.2d 638, 906 P.2d 156 (1995), *rev. denied* 259 Kan. —— (Feb. 6, 1996). That case defined what is meant by "purports to have been made" within K.S.A. 60–203(b). The court held that in addition to the defendant being given actual notice of having been sued, the following factors should also exist: (1) the original service must have "appeared" to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid, (2) the record show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment, and (3) the plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service. 21 Kan.App.2d at 647–48, 906 P.2d 156.

There is no doubt that valid service was never obtained on the defendants in this case. Defendants clearly informed the plaintiff in writing that the notice and acknowledgment for service by mail and request for waiver of service of summons were defective and would not be returned. Plaintiff could argue that the plain language of K.S.A. 60–203(c) provided him with a good faith belief that the entry of appearance filed in this case had the same effect as service. However, plaintiff was clearly placed on notice on June 14, 1996 that defendants were alleging insufficient service of process and lack of personal jurisdiction over the defendants. Thus, plaintiff knew that defendants were contesting the sufficiency of service before the expiration of the statute of limitations in this case on September 8, 1996. Based on the case law cited above, plaintiff should not have relied on the filing of the entry of appearance once the defendants had timely asserted the defenses of insufficiency of service of process and lack of personal jurisdiction over the defendants, but should have attempted to obtain proper service between June 14, 1996 and September 8, 1996. Because none of the factors set forth in *Grimmett* are satisfied in this case, the court holds that K.S.A. 60–203(b) cannot be utilized to provide the plaintiff with additional time to obtain valid service.

IT IS THEREFORE ORDERED that the motion to dismiss is granted because of insufficiency of service of process on the named defendants, lack of personal jurisdiction over the named defendants, and the failure to commence this action within the applicable statute of limitations.

Copies of this order shall be mailed to counsel of record for the parties.

## MEMORANDUM AND ORDER ON REHEARING

On March 25, 1997, plaintiff filed a motion for modification or rehearing (Doc. 32). A response was filed on April 8, 1997 (Doc. 35). No reply brief was filed.

Plaintiff's motion pertains to this court's order of March 14, 1997. Plaintiff seeks either certification to the Kansas Supreme Court of the issues ruled on in that order, or, in the alternative, modification of this court's ruling.

The court will first address plaintiff's request for certification. The statute that governs is K.S.A. 60–3201, which is as follows:

> The Kansas supreme court may answer questions of law certified to it by ... a United States district court ... when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state.

The decision to certify rests in the sound discretion of the district court. Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law. *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988); *Marzolf v. Gilgore*, 924 F.Supp. 127, 129 (D. Kan. 1996). The 10th Circuit has held that they generally will not certify questions to a state supreme court when the requesting party seeks certification only after having an adverse decision from the district court. *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994). This court believes that this principle is just as applicable when certification is sought at the district court level only after an adverse decision.

First, the fact that plaintiff waited until after an unfavorable decision weighs against plaintiff's request. Prior to the court's ruling, plaintiff had no objection to a ruling by this court; in fact, plaintiff requested such a ruling by this court on the issues presented. Only after an unfavorable ruling does plaintiff belatedly seek certification to the Kansas Supreme Court. Second, we believe that Kansas case law supports the decision reached by the court.

IT IS THEREFORE ORDERED that the motion for certification is denied.

In plaintiff's motion for reconsideration, plaintiff focuses upon the "entry of appearance" document filed by the defendants prior to their answer. A key question that this court had to address in the March 14, 1997 order was the meaning or scope of "entry of appearance" in K.S.A. 60–203(c). Plaintiff indicates in her brief that "there is no dispute that merely filing an answer to a plaintiff's petition contesting the validity of service and personal jurisdiction is not sufficient to submit a defendant to the personal jurisdiction of the court" (Doc. 32 at 4). Therefore, according to plaintiff's contention, an answer must not be an "entry of appearance" under K.S.A. 60–203(c). However, this position has absolutely no support in Kansas case law. Furthermore, plaintiff fails to articulate how "entry of appearance" should be defined under Kansas law. As this court indicated in its order of March 14, 1997, and is further set forth below, an entry of appearance has always been very broadly defined by Kansas courts. No Kansas court has ever limited the definition of an entry of appearance to only a document filed with the court titled "entry of appearance."

In the case of *Jones v. Main*, 196 Kan. 91, 93, 410 P.2d 303 (1966), the court wrestled with the definition of appearance as defined in K.S.A. 60–255(a). The court noted that "appear" has been defined as "coming into court by a party to a suit." The court further noted that "appearance" and "answer" are not synonymous terms, with an appearance being more comprehensive in its reach than an answer. The court then cited from a California case indicating that every answer constitutes an appearance, but that every appearance does not constitute the filing of an answer. The court indicated its approval of this authority and held that an appearance can be made in more ways than

by filing an answer. Therefore, under Kansas law, an answer is an entry of appearance. This fact left this court with the problem that a literal reading of K.S.A. 60–203(c) would mean that an answer contesting service of process and personal jurisdiction would have the same effect as service since an answer constitutes an appearance (Doc. 30 at 7). Such a literal reading would lead to an absurd and manifestly unreasonable result which cannot be permitted.

As the court noted, the case of *Haley v. Hershberger*, 207 Kan. 459, 465, 485 P.2d 1321 (1971), held that the defense of lack of jurisdiction is waived *only* when it is not raised by motion or in the answer itself. The defense is not waived because of defendant's previous voluntary appearances in the case, but because of the failure to assert the defense within the time prescribed by the rules. In the case of *City of Hutchinson v. Hutchinson, Kansas Office of State Employment Service*, 213 Kan. 399, 406, 517 P.2d 117 (1973), the court held that the appearance of defendants' counsel did not waive any rights of the named defendant to assert the defenses of lack of personal jurisdiction or insufficiency of service of process if those defenses were timely asserted in a motion filed by the defendants. Kansas courts have clearly held that previous voluntary appearances by counsel in a case do not waive the defenses of lack of jurisdiction over the person and insufficient service of process so long as the defense is timely raised in the answer or by motion. Therefore, the filing of an "entry of appearance" pursuant to local federal rule does not waive defendants' right to timely assert the defenses of insufficient service of process and lack of personal jurisdiction in their answer or by motion.

Plaintiff argues that this court should follow the plain and unambiguous language of K.S.A. 60–203(c). What plaintiff fails to address is how to reconcile K.S.A. 60–203(c), given the broad definition of "entry of appearance" under Kansas case law, with the language of K.S.A. 60–212(h), which has been interpreted "by its express terms" to mean that the defense of lack of personal jurisdiction is waived *only* when it is not raised by motion or in the answer. *Haley*, 207 Kan. at 465, 485 P.2d 1321. This court held that a literal reading of K.S.A. 60–203(c), as sought by plaintiff, would result in a catch-22 situation for a party to assert the defense of insufficient service of process and lack of personal jurisdiction since an answer has been defined as always constituting an appearance under Kansas law. This court's ruling averts placing counsel in such a catch-22 situation, and is consistent with the rulings of prior Kansas cases which have held that answers and other preliminary documents or motions filed by a party do not constitute a general appearance waiving the defenses of lack of personal jurisdiction or insufficient service of process so long as the defenses are timely raised by motion or in the answer.

IT IS THEREFORE ORDERED that the motion for modification or rehearing of this court's order of March 14, 1997 is denied.