Wilma L. WHEATON, Plaintiff,

v.

**Richard E. AHRENS, Defendant.**

No. 96–4062–SAC.

United States District Court,
D. Kansas.

Oct. 16, 1997.

Michael J. Maddox, William J. Skepnek, Lawrence, KS, for Plaintiff.

Craig C. Blumreich, Gehrt & Roberts, Chartered, Topeka, KS, for Defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This diversity of citizenship action arises out of a three vehicle accident in Johnson County, Kansas. The plaintiff, Wilma Wheaton, claims to have suffered personal injuries as a result of the negligence of the defendant, Richard E. Ahrens. Wheaton seeks total compensatory damages in the amount of $228,287.77. In the pretrial order, Ahrens admits liability but contests the nature and extent of Wheaton's injuries.

This case comes before the court upon Ahrens' motion to dismiss. Although conceding that Wheaton's complaint was filed within the two year statute of limitations,[1] Ahrens contends that Wheaton failed to obtain service of process on him prior to the time the statute of limitations expired. Ahrens contends that this court therefore lacks personal jurisdiction and that obtaining service of process would now be ineffective. Wheaton responds, arguing that by his attorney's filing of an entry of appearance, Ahrens "has submitted himself to the jurisdiction of the Court" and therefore his motion to dismiss should be denied. Wheaton contends that Ahrens has either expressly or implicitly waived his right to challenge personal jurisdiction. In the alternative, if the court finds that service is not proper, Wheaton asks the court to extend the time to file service under Fed.R.Civ.P. 4(m) or K.S.A. 60–203(b). Ahrens responds, arguing that Wheaton's complaint is not saved by either Rule 4(m) or K.S.A. 60–203(b).

### Legal Standards

" 'The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction....' " *Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 174 (10th Cir.1992) (quoting *Ten Mile Indus. Park v. Western Plains Serv.,* 810 F.2d 1518, 1524 (10th Cir.1987)). "While the plaintiff has the burden of establishing personal jurisdiction, (citations omitted), and of establishing the validity of service of process, (citations omitted), this burden varies depending on the pretrial procedure employed by the district court." *Oaklawn Apartments,* 959 F.2d at 174. "Facts regarding jurisdictional questions may be determined by reference to affidavits, (citation omitted), by a pretrial evidentiary hearing, (citation omitted), or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Id.*

The rules governing the court's consideration of a defendant's motion to dismiss for lack of personal jurisdiction or for lack of

---

1. Kansas has a two year statute of limitations for negligence actions. *See* K.S.A. 60–513(a)(4); *Jenkins v. City of Topeka,* 958 F.Supp. 556, 558 (D.Kan.1997) ("The appropriate statute of limitations [in an automobile accident case] is two years.").

proper service, decided before trial and upon affidavits and other written materials, are well-settled:

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiffs favor, and the plaintiffs prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."

*Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990) (*quoting Behagen v. Amateur Basketball Ass'n of the United States,* 744 F.2d 731, 733 (10th Cir.1984) (citations omitted), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)); *see Oaklawn Apartments,* 959 F.2d at 174 ("When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing."); *Bernard v. Husky Truck Stop,* 1994 WL 171732 (D. Kan.1994) (in opposing motion to dismiss for insufficiency of process, plaintiff has burden of making a prima facie showing that statutory and due process requirements are satisfied so as to permit the court to exercise personal jurisdiction over the defendant); *Slawson v. Hair,* 716 F.Supp. 1373, 1375 (D.Kan.1989) (the plaintiff is entitled to the benefit of any factual doubts) (*citing Ammon v. Kaplow,* 468 F.Supp. 1304, 1309 (D.Kan.1979)).

### Chronology of Events

This chronology of events is taken directly from the pleadings filed by the parties and the affidavit of defendant's counsel.

April 15, 1994:

Three vehicles collide. Ahrens' vehicle rearends Wheaton's car which is stopped at a stop light.

April 15, 1996:

Wheaton files a complaint in federal district court seeking damages from Ahrens.[2]

April 16, 1996:

Wheaton attempts to serve Ahrens by mail. Wheaton mails Ahrens a copy of the complaint, a notice of lawsuit and request for waiver or service for summons and waiver of service of summons.

May 29, 1996:

Having heard no response from Ahrens, Wheaton mails Ahrens the summons, complaint, and notice and acknowledgment for service by mail form.

June 27, 1996:

Craig C. Blumreich of Gehrt & Roberts, Chartered, "enters his appearance as attorney of record herein on behalf of defendant Richard E. Ahrens." *See* (Dk. 2).

August 21, 1996:

The magistrate judge holds a scheduling conference pursuant to the provisions of Fed. R.Civ.P. 16(b). Ahrens appears by Craig C. Blumreich. During the conference, Blumreich raises the service of process defense. According to Blumreich's affidavit, "Judge Newman specifically advised counsel for the plaintiff to promptly investigate the service of process issue." On the following day, after consulting with the parties, the magistrate judge enters a scheduling order.

September 10, 1996:

Gehrt & Roberts, Chartered, "Attorneys for the defendants (sic)," files a notice to take the deposition of Wheaton.

September 12, 1996:

Gehrt & Roberts, Chartered, "Attorneys for the defendants (sic)," files an amended notice to take the deposition of Wheaton on October 7, 1996. September 16, 1996:

Wheaton files a "Notice to Take Deposition" of Ahrens.

October 7, 1996:

---

**2.** Wheaton's complaint names another defendant, Sharon L. Elevier. On January 14, 1997, the court entered an order dismissing without prejudice Elevier as a defendant under Fed. R.Civ.P. 41(a)(2). *See* (Dk. 23). Wheaton was unable to locate and serve Elevier.

Ahrens is deposed. During his deposition, Ahrens acknowledges that he in fact received a copy of Wheaton's complaint and forwarded it on to his insurance company.

October 29, 1996:

Ahrens files his motion to dismiss for lack of personal jurisdiction.

### Arguments of the Parties

Ahrens contends that he has never been properly served process and contends that no act he or his attorney has taken is sufficient to establish personal jurisdiction. Wheaton responds, arguing that Ahrens' attorney's entry of appearance constitutes an act which has the same effect as service under K.S.A. 60–203(c).[3] In the alternative, Wheaton argues that Ahrens has implicitly waived service of process or that she should be given additional time under K.S.A. 60–203(b).

### Kansas Law

When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law not only provides the appropriate period of limitations but also determines whether service must be effected within that period. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–753, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). Respect for the State's substantive decision that actual service is a component of the policies underlying the statute of limitations requires that the service rule in a diversity suit "be considered part and parcel of the statute of limitations." *Id.*, at 752, 100 S.Ct. at, 1986 (footnote omitted). This requirement, nat-

urally, does not apply to federal-question cases.

*West v. Conrail,* 481 U.S. 35, 39 n. 4, 107 S.Ct. 1538, 1541 n. 4, 95 L.Ed.2d 32 (1987).[4]

K.S.A. 60–203, titled "Commencement of action" provides in pertinent part:

(a) A civil action is commenced at the time of. (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

(b) If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

(c) The filing of an entry of appearance shall have the same effect as service.

### Waiver by Entry of Appearance

Two Kansas cases expressly discuss K.S.A. 60–203(c). In *Dotson v. State Highway*

---

**3.** "The filing of an entry of appearance shall have the same effect as service." K.S.A. 60–203(c).

**4.** The court is persuaded that it would be improper to "save" Wheaton's diversity of citizenship action under the authority granted by Rule 4(m). *See Walker,* 446 U.S. at 752; *Eades v. Clark Distributing Co., Inc.,* 70 F.3d 441 (6th Cir.1995); *Jenkins v. City of Topeka,* 958 F.Supp. 556, 558 (D.Kan.1997); *Wandrey v. Service Business Forms, Inc.,* 762 F.Supp. 299 (D.Kan.1991); *Clark v. Browning and Olin Corp.,* No. 90–2413–S, 1992 WL 24103 (D.Kan. Jan.29, 1992); *but see Argentina v. Emery World Wide Delivery Corp.,* 167 F.R.D. 359 (E.D.N.Y.1996).

The court merely notes, however, that the defendant is apparently unaware that the 1993 amendment to Rule 4(j) [now 4(m)] "authorizes

the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed.R.Civ.P. 4, Advisory Committee Notes, 1993 Amendments. *See Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995) ("The plain language of Rule 4(m), however, broadens the district court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause."); *Hunsinger v. Gateway Management Associates,* 169 F.R.D. 152, 154 (D.Kan. 1996) (extending time for service in exercise of its discretion). If this were a federal question case, the court would exercise its discretion under Rule 4(m) and extend the time for service under the circumstances of this case.

*Commission,* 198 Kan. 671, 426 P.2d 138 (1967), the plaintiff filed the following entry of appearance on the morning of trial:

> Now comes, David W. Dotson, purchaser under contract of the property described herein, the record title to which is vested in the name of Floyd Dotson, and does hereby enter his appearance herein and consents to being made a party of the defendant in the above entitled actions.'

In a motion for new trial, the defendant contended that he had never been properly joined as a party to the case. The Supreme Court of Kansas held that this entry of appearance was the equivalent to service of process and that the defendant had submitted himself to the court's jurisdiction. *See Dotson,* 198 Kan. 671, Syl. ¶ 5, 426 P.2d 138 ("The execution and filing of a written entry of appearance is equivalent to service of process and a person thereby submits himself to the jurisdiction of the court and is bound by the judgment subsequently entered."). Of course the timing of the defendant's challenge and the language of his entry of appearance severely undercut the defendant's arguments that the court lacked personal jurisdiction.

In *Lindenman v. Umscheid,* 255 Kan. 610, 875 P.2d 964 (1994), the Supreme Court of Kansas acknowledged that "[t]he filing of an entry of appearance has the same effect as service. K.S.A. 1993 Supp. 60–203(c)" but went on to reject the plaintiff's argument that a defendant's motion for leave to answer constituted a general appearance equivalent to service of process. The Supreme Court of Kansas affirmed the district court's order dismissing that defendant for lack of personal jurisdiction. *See also City of Hutchinson*

*for and on Behalf of Human Relations Commission of Hutchinson v. Hutchinson Kansas Office of State Employment Service,* 213 Kan. 399, 517 P.2d 117 (1973); *Haley v. Hershberger,* 207 Kan. 459, 465, 485 P.2d 1321 (1971).

The construction of K.S.A. 60–203(c) has apparently only arisen one other time in the District of Kansas.[5] An argument similar to the one advanced by Wheaton was recently rejected by Magistrate Judge Reid in *Jenkins v. City of Topeka,* 958 F.Supp. 556 (D.Kan.1997). Interestingly enough, the defendants in that case were represented by Craig Blumreich, Ahrens' attorney in the case at bar. Like Wheaton, the plaintiff in *Jenkins* attempted to rely on the provisions of 60–203(c) to establish service on the defendant. The following is a summary of the key events in that case:

September 8, 1994:

Automobile accident occurs in the City of Topeka

April 12, 1996:

Plaintiff files complaint in federal court.

April 13, 1996:

Plaintiff mails a "Notice and Acknowledgment for Service by Mail" form, a "Notice of Lawsuit and Request for Waiver of Service of Summons" form, a "Waiver of Service of Summons," form, and a copy of the complaint to the defendant. No summons accompanied those documents.

May 9, 1996:

Counsel for defendant writes counsel for plaintiff a letter alleging deficiencies in the documents sent and that the documents

---

5. In *Burnett v. Perry Manufacturing, Inc.,* 151 F.R.D. 398 (D.Kan.1993), Judge Saffels made the following observation in a footnote:

> Plaintiff claims that he commenced his second action on March 17, 1992, when he deposited his complaint with the clerk. The court is unable to determine when plaintiff obtained service of process on defendant in the second action. If plaintiff did not serve defendant within 90 days of filing his complaint, the action is not deemed commenced until the date plaintiff served defendant. K.S.A. 60–203(a)(2). In order to enjoy the protection of K.S.A. 60–518, plaintiff must have commenced the second action within six months of filing

his complaint. Since plaintiff deposited his complaint with the clerk on the last possible day, plaintiff must have commenced his action no later than that day or else his action falls outside the six month scope of K.S.A. 60–518. That is, plaintiff must have served defendant within 90 days of depositing his complaint with the clerk on March 17, 1992: Although defendant's attorney entered an appearance, which, under K.S.A. 60–203(c), has the same effect as service, the date of entry was December 14, 1992, which is considerably more than 90 days after March 17, 1992.

151 F.R.D. at 400 n. 1.

would not be returned in lieu of service of process. On that same day, counsel for the defendant files an entry of appearance in the case.

June 14, 1996:

Defendants file their answer, affirmatively alleging that the plaintiff has not properly served it and that her cause of action will be barred by the applicable statute of limitations.

Despite this assertion in the defendants' answer, the plaintiff never attempted to properly serve the defendants.

December 20, 1997:

Defendants file a motion to dismiss, arguing that the case should be dismissed because the statute of limitations has expired without proper service on them.

■ In that case, like the case at bar, the plaintiff did not properly serve the defendant, but counsel, pursuant to D. Kan. Rule 5.1(d) did enter an appearance. After an exhaustive review of the interrelationship between K.S.A. 60–203(b) and D. Kan. Rule 5.1(d), Magistrate Judge Reid held that "the filing of an 'entry of appearance' by counsel for the defendant does not have the same effect as service when the defendant timely files an answer or other responsive pleading or a motion asserting insufficiency of service of process. In other words the filing of an entry of appearance shall have the same effect as service, as set forth in K.S.A. 60–203(c), unless the defendant timely files a response pleading or motion asserting insufficiency of service of process." 958 F.Supp. at 560–61.

The defendants in this case timely asserted the defenses of insufficient service of process and lack of personal jurisdiction in their answer. These defenses therefore were not waived because of the prior pleading filed by their counsel. The defendants have never been properly served with process in this case and they have never waived the requirement of service of process. Since defendants have never been properly served, this court does not have personal jurisdiction over them. Finally, this case has never been commenced under K.S.A. 60–203(a) since service of process was never obtained on the defendants. Since this case was not commenced on or before September 8, 1996, this action is barred by the applicable statute of limitations.

958 F.Supp. at 561.

Magistrate Judge Reid also concluded that the plaintiff was not entitled to an extra 90 days under the saving provision of K.S.A. 60–203(b).

The outcome of this issue is controlled by the case of *Grimmett v. Burke*, 21 Kan.App.2d 638, 906 P.2d 156 (1995), *rev. denied*, 259 Kan. —— (Feb. 6, 1996). That case defined what is meant by "purports to have been made" within K.S.A. 60–203(b). The court held that in addition to the defendant being given actual notice of having been sued, the following factors should also exist: (1) the original service must have "appeared" to be valid and the returns by the sheriffs office or other process servers must indicate that the service was valid, (2) the record show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment, and (3) the plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service. 21 Kan.App.2d at 647–48, 906 P.2d 156.

There is no doubt that valid service was never obtained on the defendants in this case. Defendants clearly informed the plaintiff in writing that the notice and acknowledgment for service by mail and request for waiver of service of summons were defective and would not be returned. Plaintiff could argue that the plain language of K.S.A. 60–203(c) provided him with a good faith belief that the entry of appearance filed in this case had the same effect as service. However, plaintiff was clearly placed on notice on June 14, 1996 that defendants were alleging insufficient service of process and lack of personal jurisdiction over the defendants. Thus, plaintiff knew that defendants were contesting the sufficiency of service before the

expiration of the statute of limitations in this case on September 8, 1996. Based on the case law cited above, plaintiff should not have relied on the filing of the entry of appearance once the defendants had timely asserted the defenses of insufficiency of service of process and lack of personal jurisdiction over the defendants, but should have attempted to obtain proper service between June 14, 1996 and September 8, 1996. Because none of the factors set forth in *Grimmett* are satisfied in this case, the court holds that K.S.A. 60–203(b) cannot be utilized to provide the plaintiff with additional time to obtain valid service.

958 F.Supp. at 561. That case is currently on appeal to the Tenth Circuit. For purposes of Ahrens' motion, the court assumes without deciding that Magistrate Judge Reid's ruling is correct.[6] Consequently, Ahrens' attorney's entry of appearance does not have the same effect as service.

### K.S.A. 60–203(b)

Although the court finds that service has not yet been perfected, the court believes that Wheaton's case is potentially saved by the provisions of K.S.A. 60–203(b). In reaching this conclusion, the court is aware that no other case has relied upon this section under these or similar circumstances. The plaintiffs in *Dotson, Haley* and *City of Hutchinson* could not rely on this provision, as section (b) was added to K.S.A. 60–203 in 1983. *See* 1 *Gard's Kansas Code of Civil Procedure 2d* § 60–203 at 7 (1995) (Cumulative Supplement). As those cases were decided prior to 1983, the plaintiffs in those cases obviously could not turn to K.S.A. 60–203(b) for relief. In *Lindenman* the plaintiff apparently did not raise the argument that his claim against that defendant was saved by 60–203(b).

▇ In *Jenkins*, Magistrate Judge Reid clearly believed that K.S.A. 60–203(b) was potentially applicable, but found on the facts

of that case that the provision did not save the plaintiffs complaint. Particularly fatal to the plaintiffs hope to fall within the savings provisions of K.S.A. 60–203(b) in *Jenkins* was her knowledge of the defendant's allegations of defective service prior to the running of the statute of limitations. *Jenkins* is distinguishable from the facts of this case as the defendant did not raise the issue of insufficiency of service of process by formal motion until almost six months had elapsed since the plaintiff filed her complaint and attempted service. The timing of the defendant's motion strikes the courts as a stratagem to defeat the plaintiff's claims by a somewhat arcane construction of K.S.A. 60–203(c).

In reaching this conclusion, the court is aware that the facts of this case do not neatly fall within all of the factors set forth in the Kansas Court of Appeals decision in *Grimmett v. Burke*, 21 Kan.App.2d 638, 906 P.2d 156 (1995), *rev. denied* 259 Kan. (1996). In *Grimmett*, the court held that

> before it can be said that service has "purported to have been made," it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have "appeared" to be valid and the returns by the sheriffs office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

21 Kan.App.2d at ——, 906 P.2d 156.

The factors developed by the Kansas Court of Appeals in *Grimmett* were constructed to address the typical problems aris-

---

**6.** While the overall logic of his opinion is compelling in many respects, this court simply notes that Magistrate Judge Reid's interpretation of K.S.A. 60–203(c) renders the plain language of the statute virtually meaningless. One way to avoid this construction would be to say that an entry of appearance filed separate and apart from a pleading that does not otherwise waive

the defense of lack of personal jurisdiction, such as a motion to dismiss for lack of personal jurisdiction or an answer asserting the defense of lack of personal jurisdiction, has "the same effect as service." If this construction of K.S.A. 60–203(c) were correct, Ahrens' attorney's entry of appearance would have the same effect as service of process.

ing in instances of defective service of process—not issues arising from the operation of K.S.A. 60–203(c). Modifying those factors set forth in *Grimmett* to comport with the issues implicated by this case, the court deems it appropriate to extend the time for service for an additional ninety days. It is undisputed that Ahrens had actual notice of Wheaton's lawsuit. On its face, Ahrens' attorney's entry of appearance seems to have the effect of service. Based upon a plain reading of K.S.A. 60–203(c), Wheaton, in good faith, could have believed that the entry of appearance had the effect of service. Finally, the issue of defective service was not raised by the defendant by formal motion until almost six months had elapsed and the statute of limitations had run. The court believes that this construction of K.S.A. 60–203(b) is appropriate in light of its intended purpose. *See Hughes v. Martin*, 240 Kan. 370, Syl. ¶ 1, 729 P.2d 1200 (1986) ("K.S.A. 60–203(b) should be liberally construed to insure the just determination of an action notwithstanding any irregularity in form or procedure or any defect in making service of process.")

As a final remark, the court recognizes that the plaintiffs diligence in prosecuting this case is far from exemplary. If the plaintiff truly believed that service on Ahrens had been perfected, why wasn't she concerned that the defendant had not timely filed an answer? Convinced that service had been achieved, the plaintiff could have sought entry of default under Fed.R.Civ.P. 55(a) as Ahrens "failed to plead or otherwise defend as provided by" the Federal Rules of Civil Procedure. Given the timing of the filing of her complaint in relation to the applicable statute of limitations, it would clearly have been a wiser course to have given closer scrutiny to the issue of proper service. Notwithstanding these observations, the court nevertheless deems it appropriate to extend the time to serve the defendant under K.S.A. 60–203(b). The less than obvious construction and operation of K.S.A. 60–203(c) essentially makes it a trap for the unwary.

### Other Arguments of the Parties

In light of this ruling, the court need not address the additional arguments advanced by the parties.

IT IS THEREFORE ORDERED that Ahrens' motion to dismiss (Dk. 12) is denied.

IT IS FURTHER ORDERED that Wheaton is granted a ninety-day extension to perfect service of process on Ahrens.